| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION |
|---|---|

| | |
|---|---|
| MANUEL ORNELAS, § § *Plaintiff*, § § v. § § CD KING CONSTRUCTION, LLC and § CHADWICK D. KING, ADRIAN S. § PEREZ § § *Defendant(s)*. § | No. __7:21-cv-00019__ |

## PLAINTIFF MANUEL ORNELAS' ORIGINAL COMPLAINT

Plaintiff Manuel Ornelas (referred to as "Ornelas") brings this action under 29 U.S.C. § 216(b) to recover damages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") against Defendants CD King Construction, LLC (referred to as "CD King Construction"), Chadwick D. King (referred to as "King") and Adrian S. Perez (referred to as "Perez') (collectively referred to as "Defendants").

### I. Nature of Suit

1. Ornelas' claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. The FLSA makes it unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]… ." 29 U.S.C. § 215(a)(3).

4. Defendants violated the FLSA by employing Ornelas and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5. Defendants violated the FLSA by failing to maintain accurate time and pay records for Ornelas and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6. Defendants violated the FLSA by retaliating against Ornelas by "discriminat[ing] against [him] because [an] employee filed [a] complaint… under or related to [the FLSA]… ." 29 U.S.C. § 215(a)(3).

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Ornelas' claims occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III. Parties

9. Ornelas is an individual who resides in Midland County, Texas and who was employed by Defendants during the last three years.

10. CD King Construction, LLC is a Texas limited liability company that may be served with process by serving its registered agent:

Chadwick D. King<br>
1300 SW 2nd<br>
Seminole, Texas 79360

Alternatively, if the registered agent of CD King Construction cannot with reasonable diligence be found at the company's registered office, CD King Construction may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11. Chadwick King is an individual who resides in Gaines County, Texas and who may be served with process at:

1300 SW 2nd<br>
Seminole, Texas 79360

or wherever he may be found. Alternatively, King may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

12. Adrian S. Perez is an individual who resides in Gaines County, Texas and who may be served with process at:

1300 SW 2nd
Seminole, Texas 79360

or wherever he may be found. Alternatively, King may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code §

13. An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

14. CD King Construction is a general construction services company.

15. CD King Construction does business in the territorial jurisdiction of this Court.

16. CD King Construction employed Ornelas from approximately October 2016 to October 2020.

17. CD King Construction employed Ornelas as a superintendent until February 2020 and then as an operator from February 2020 to October 2020.

18. King was also Ornelas' employer—and individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire and fire CD King Construction employees, including Ornelas; (2) supervised or controlled CD King

Construction employee schedules or conditions of employment, including Ornelas' schedule and/or conditions of employment; (3) determined the rate or method of payment for CD King Construction employees, including Ornelas; and/or (4) maintained CD King Construction employee records, including Ornelas' records.

19. Perez was also Ornelas' employer—and individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire, fire and demote CD King Construction employees, including Ornelas; (2) supervised or controlled CD King Construction employee schedules or conditions of employment, including Ornelas' schedule and/or conditions of employment; (3) determined the rate or method of payment for CD King Construction employees, including Ornelas; and/or (4) maintained CD King Construction employee records, including Ornelas' records.

20. During Ornelas' employment with Defendants, he was engaged in commerce or in the productions of goods for commerce.

21. During Ornelas' employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

22. During Ornelas' employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

23. During Ornelas' employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

24. On January 17, 2020, during his employment with Defendants, Ornelas' brother, a former employee of Defendants, filed a lawsuit against CD King Construction alleging violations of the FLSA.

25. Immediately after his brother filed his lawsuit to recover unpaid overtime, Ornelas was subjected to an adverse employment action by being demoted from his position as superintendent to an operator.

26. Following his demotion to the position of operator, he was primarily responsible for operating heavy equipment, i.e., a motor grader, and reporting directly to the Perez, the general manager of operations.

27. As an operator, Ornelas did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

28. As an operator, Ornelas was, instead, required to follow Defendants' policies, practices and procedures.

29. As an operator, Ornelas did not have independent authority to deviate from Defendants' policies, practices and procedures.

30. Ornelas' primary duties did not include office or nonmanual work.

31. Ornelas' primary duties were not directly related to the management or general business operations of Schlumberger or its customers.

32. Ornelas' duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

33. Following the demotion to operator, Defendants paid Ornelas on a salary basis.

34. During Ornelas' employment as an operator, he regularly worked in excess of forty hour per week; in fact, Ornelas was often scheduled to work sixty (or more) hours per week.

35. Defendants knew or reasonably should have known that Ornelas worked in excess of forty hours per week.

36. Defendants did not pay Ornelas overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

37. Instead, Defendants paid Ornelas a fixed sum of money regardless of the number of hours he worked.

38. In other words, Defendants paid Ornelas for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

39. Defendants knew or reasonably should have known that Ornelas was not exempt from the overtime provisions of the FLSA.

40. Defendants failed to maintain accurate time and pay records for Ornelas as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

41. During Ornelas' employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

42. Defendants continued the pay practice(s) complained of by Ornelas without investigation after being put on notice that the pay practice(s) violated the FLSA.

43. Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

44. Prior to this lawsuit, Defendants conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Ornelas.

45. Following his retaliatory demotion, Defendants continued to retaliate against him by taking away necessary equipment to complete his job and removing him from projects.

46. Additionally, Ornelas was given verbal reprimands regarding his work performance despite never having any performance issues prior to the lawsuit.

47. Due to the constant harassment and continued retaliatory acts, Ornelas was forced to resign in October 2020.

48. Given the lack of any prior alleged performance issues and the temporal proximity between the FLSA lawsuit, Ornelas' demotion and Defendants subsequent actions were clearly motivated by their unlawful desire to retaliate against him.

49. Defendants are liable to Ornelas for his unpaid overtime wages, liquidated damages, lost back wages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

50. Ornelas adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

51. During Ornelas' employment with Defendants as an operator, he was a nonexempt employee.

52. As a nonexempt employee, Defendants were legally obligated to pay Ornelas "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

53. While Ornelas was employed as an operator, Defendants did not pay him "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

54. Instead, Defendants paid Ornelas a fixed sum—a salary—regardless of the number of hours he worked.

55. If Defendants classified Ornelas as exempt from the maximum hour requirements of the FLSA, while he was an operator, he was misclassified.

56. As a result of the FLSA violation(s) described above, Defendants are liable to Ornelas for back wages equal to the difference between what it should have paid and what it actually paid.

## VI. Count Two—
### Retaliation in Violation of the FLSA

57. Ornelas adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

58. During Ornelas employment with Defendants, the company was subjected to the requirements of the FLSA.

59. The FLSA makes it unlawful for an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]... ."

60. On January 17, 2020, Ornelas' brother, a former employee of Defendants, filed a lawsuit against CD King Construction alleging violations of the FLSA.

61. As a result of the lawsuit, Defendants took an employment action adverse to Ornelas by demoting him from superintendent to operator.

62. Defendants continued to retaliate against Ornelas by reprimanding him for work performance, removing necessary equipment from his job, and removing him from his projects.

63. Due to the constant harassment and retaliatory acts, Ornelas was forced to resign in October 2020.

64. Given the lack of any prior alleged performance issues and the temporal proximity of Ornelas' brother engaging in an FLSA protected activity, Defendants' actions were clearly motivated by their unlawful desire to retaliate against him as a result of Ornelas' brother engaging in protected activity.

65. As a result of the FLSA violations described above, Defendants are liable to Ornelas for legal or equitable relief including lost wages.

## VII. Count Three—
## Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

66. Ornelas adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

67. Ornelas is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

68. Ornelas is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

69. Ornelas has retained the professional services of the undersigned attorneys.

70. Ornelas has complied with the conditions precedent to recovering attorney's fees and costs.

71. Ornelas has incurred or may incur attorney's fees and costs in bringing this lawsuit.

72. The attorney's fees and costs incurred or that may be incurred by Ornelas were or are reasonable and necessary.

73. Defendants are liable to Ornelas for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## VIII. Relief Sought

74. Ornelas demands the following relief:

   a. judgment against Defendants CD King Construction, LLC, Chadwick D. King and Adrian S. Perez in Ornelas' favor for legal or equitable relief including lost wages, unpaid overtime, liquidated damages and attorney's fees, plus interest and costs; and

    b. all other relief and sums that may be adjudged against Defendants CD King Construction, LLC, Chadwick D. King and Adrian S. Perez in Ornelas' favor.

        Respectfully Submitted,

        MOORE & ASSOCIATES
        Lyric Centre
        440 Louisiana Street, Suite 675
        Houston, Texas 77002-1063
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        By: /s/ Melissa Moore
        Melissa Moore
        State Bar No. 24013189
        melissa@mooreandassociates.net
        Curt Hesse
        State Bar No. 24065414
        curt@mooreandassociates.net

        **ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
State Bar No. 24107417
renu@mooreandassociates.net