UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| MANUEL ORNELAS<br>    Plaintiff,<br>vs.<br><br>CD KING CONSTRUCTION, LLC AND<br>CHADWICK D. KING, ADRIAN S. PEREZ,<br>    Defendants. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 7:21-cv-00019<br>§<br>§<br>§ |

### CD KING CONSTRUCTION, LLC AND CHADWICK D. KING'S MOTION TO DISMISS AND ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, CD King Construction, LLC and Chadwick D. King ("King Defendants") file this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and this original answer to Plaintiff Manuel Ornelas's ("Plaintiff") Original Complaint.

### MOTION TO DISMISS PLAINTIFF'S RETALIATION CLAIM UNDER RULE 12(b)(6)

*Introduction*

1.  Plaintiff is Manuel Ornelas.

2.  Defendants are CD King Construction, LLC, Chadwick D. King, and Adrian S. Perez ("Defendants").

3.  In the complaint, Plaintiff states that Defendants unlawfully retaliated against him in violation of 29 U.S.C. § 215(a)(3).

*Argument*

4.  A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not state factual allegations showing that the right to relief is

plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 & n.3 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.

5. Under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. §§ 201–219, it is unlawful for any person

> to discharge or in any other manner discriminate against any employee because <u>such employee</u> has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3) (emphasis added).

6. Here, instead of pleading that he was retaliated against for actions he himself took while an employee of CD King Construction, LLC, Plaintiff asserts that he was unlawfully retaliated against for the actions of another employee. (Doc 1, ¶¶ 6, 24–25, 48, 60–61). Such allegations (Count Two of the Complaint, paragraphs 57 through 65) fail to state a claim upon which relief can be granted, because the FLSA provision prohibiting discharge or discrimination explicitly prohibits discharge or discrimination against the individual employee that filed a FLSA-related complaint or was involved in a FLSA proceeding. *See* 29 U.S.C. § 215(a)(3). Plaintiff cannot suffer vicarious retaliation for the actions of another.

7. Nowhere in Plaintiff's complaint does the Plaintiff allege that he himself complained, filed a complaint, or personally engaged in any FLSA-related proceeding. In fact, Plaintiff specifically states that the Defendants took adverse employment actions against Plaintiff as a result of the lawsuit filed by Plaintiff's brother. (Doc. 1 ¶ 61). This is not enough. "[A]n

employee must do something outside of his or her job role in order to signal to the employer that he or she is engaging protected activity under Section 215(a)(3)." *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 628 (5th Cir. 2008) (applying the *McDonnell Douglas* framework to FLSA claims and further stating on page 624 that a plaintiff must show "(1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action."); *see also Lasater v. Tex. A&M Univ. Commerce*, 495 F. App'x 458, 461-62 (5th Cir. 2012) *and Coberly v. Christus Health*, 829 F. Supp. 2d 521, 526 (N.D. Tex. 2011). In other words, watching his brother file a FLSA-based lawsuit does not constitute participating in a protected activity. Plaintiff was required to step outside his job role and engage in some action or inaction that rose to the level of a complaint. And that complaint must have caused an adverse employment reaction. Plaintiff establishes himself to be nothing more than a bystander.

*Conclusion*

8.  For these reasons, Plaintiff has failed to state a claim for relief under the anti-discharge or discrimination provision of the FLSA that is plausible on its face. Accordingly, Plaintiff's retaliation claims should be dismissed.

**ADMISSIONS & DENIALS**

9.  To the extent that an allegation or allegations are contained in the Plaintiff's introductory paragraph, such allegations are denied.

10. King Defendants admit that Plaintiff's claims arise under the FLSA as alleged in paragraph one but deny that Plaintiff is entitled to relief.

11. King Defendants admit the allegations contained in paragraph 2.

12. King Defendants admit the allegations contained in paragraph 3.

13. King Defendants deny the allegations in paragraph 4.

14. King Defendants deny the allegations in paragraph 5.

15. King Defendants deny the allegations in paragraph 6.

16. King Defendants admit that Plaintiff has alleged an action under the FLSA as contained in paragraph 7.

17. King Defendants deny the allegations contained in paragraph 8.

18. King Defendants admit that Plaintiff was employed by the CD King Construction LLC during the past three years but lack sufficient knowledge or information to form a belief about the truth of paragraph 9.

19. King Defendants admit the allegations in paragraph 10.

20. King Defendants admit the allegations in paragraph 11.

21. King Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 12.

22. King Defendants deny the allegations in paragraph 13.

23. King Defendants deny the allegations in paragraph 14.

24. King Defendants admit the allegations in paragraph 15.

25. King Defendants admit the allegations in paragraph 16.

26. King Defendants deny the allegations in paragraph 17.

27. King Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 18.

28. King Defendants deny that Perez was Plaintiff's employer and deny that Perez is individually liable under the FLSA. King Defendants deny that Perez maintained Defendant CD King Construction LLC's employment records. King Defendants admit the balance of the

allegations contained in paragraph 19.

29. King Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 20.

30. King Defendants admit the allegations in paragraph 21.

31. King Defendants admit the allegations in paragraph 22.

32. King Defendants admit the allegations in paragraph 23.

33. King Defendants admit the allegations in paragraph 24.

34. King Defendants deny the allegations in paragraph 25.

35. King Defendants deny the allegations in paragraph 26.

36. King Defendants deny the allegations in paragraph 27.

37. King Defendants deny the allegations in paragraph 28.

38. King Defendants deny the allegations in paragraph 29.

39. King Defendants deny the allegations in paragraph 30.

40. King Defendants deny the allegations in paragraph 31.

41. King Defendants deny the allegations in paragraph 32.

42. King Defendants deny the allegations in paragraph 33.

43. King Defendants deny the allegations in paragraph 34.

44. King Defendants deny the allegations in paragraph 35.

45. King Defendants admit the allegations in paragraph 36.

46. King Defendants admit the allegations in paragraph 37.

47. King Defendants deny the allegations in paragraph 38.

48. King Defendants deny the allegations in paragraph 39.

49. King Defendants deny the allegations in paragraph 40.

50. King Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 41.

51. King Defendants deny the allegations in paragraph 42.

52. King Defendants deny the allegations in paragraph 43.

53. King Defendants deny the allegations in paragraph 44.

54. King Defendants deny the allegations in paragraph 45.

55. King Defendants admit that Plaintiff was given verbal reprimands from time to time regarding his work performance. King Defendants deny that there were no issues with Plaintiff's work performance prior to the lawsuit. King Defendants deny the balance of the allegations contained in paragraph 46.

56. King Defendants deny the allegations in paragraph 47.

57. King Defendants deny the allegations in paragraph 48.

58. King Defendants deny the allegations in paragraph 49.

59. King Defendants incorporate by reference the preceding paragraphs with respect to paragraph 50.

60. King Defendants deny the allegations in paragraph 51.

61. King Defendants deny the allegations in paragraph 52.

62. King Defendants deny the allegations in paragraph 53.

63. King Defendants deny the allegations in paragraph 54.

64. King Defendants deny the allegations in paragraph 55.

65. King Defendants deny the allegations in paragraph 56.

66. King Defendants incorporate by reference the preceding paragraphs with respect to paragraph 57.

67. King Defendants admit the allegations in paragraph 58.

68. King Defendants admit the allegations in paragraph 59.

69. King Defendants admit the allegations in paragraph 60.

70. King Defendants deny the allegations in paragraph 61.

71. King Defendants deny the allegations in paragraph 62.

72. King Defendants deny the allegations in paragraph 63.

73. King Defendants deny the allegations in paragraph 64.

74. King Defendants deny the allegations in paragraph 65.

75. King Defendants incorporate by reference the preceding paragraphs with respect to paragraph 66.

76. King Defendants deny the allegations in paragraph 67.

77. King Defendants deny the allegations in paragraph 68.

78. King Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 69.

79. King Defendants deny the allegations in paragraph 70.

80. King Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 71.

81. King Defendants deny the allegations in paragraph 72.

82. King Defendants deny the allegations in paragraph 73.

83. King Defendants deny the allegations in paragraph 74.

## AFFIRMATIVE DEFENSES

84. The King Defendants are not liable to Plaintiff because of payment. The Plaintiff was paid in accordance with the law and his agreement.

85. The King Defendants are not liable to Plaintiff for overtime payments because the Executive Exemption under the Fair Labor Standards Act applies to the Plaintiff in this case. 29 U.S.C. § 213(a)(1). Plaintiff was compensated on a salary basis at a rate of not less than $684 per week, and Plaintiff's primary duty was managing the enterprise or, alternatively, managing a customarily recognized department or subdivision of the enterprise, and the Plaintiff customarily and regularly directed the work of at least two or more full-time employees, or their equivalent, and the Plaintiff had the authority to hire, fire, advance, promote, or change the status of other employees.

86. The King Defendants are not liable to Plaintiff for unlawful discharge or discrimination because Plaintiff never filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, nor had Plaintiff testified nor was about to testify in any such proceeding, and Plaintiff had not served nor was he about to serve on an industry committee. *See* 29 U.S.C. § 215(a)(3).

87. Plaintiffs' claim for liquidated damages is barred by 29 U.S.C. §216(b) and §260. The King Defendants acted in good faith and possessed a reasonable belief that their actions were lawful.

88. The King Defendants are not liable to Plaintiff for wrongful discharge because Plaintiff was not discharged. Plaintiff voluntarily quit.

89. Some of Plaintiff's claims are barred by 29 C.F.R. § 207(e)(2).

90. Plaintiff's claims are barred by the doctrines of offset and/or accord and satisfaction.

91. To the extent it may be applicable, the King Defendants are not liable to Plaintiff for the Plaintiff's failure to mitigate his damages. If a wrongfully discharged employee fails to

exercise reasonable diligence to mitigate his damages, he is barred from recovering any of the losses that he could have avoided. *City of Laredo v. Rodriguez*, 791 S.W.2d 567, 571 (Tex. App.— 1991, writ denied).

## PRAYER

92. For these reasons, King Defendants ask the Court to dismiss Plaintiff's retaliation claims under 29 U.S.C. § 215(a)(3) for failure to state a claim. Kind Defendants additionally pray that the Court enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award the King Defendants all other relief the Court to which they may be justly entitled.

Respectfully submitted,

*/s/ Benjamin Petty*
BENJAMIN PETTY
State Bar No. 24105934
BPetty@kmdfirm.com

OF

KELLY, MORGAN, DENNIS, CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
Phone: (432) 367-7271 | Fax: (432) 363-9121

*Attorneys for Defendants CD King Construction, LLC and Chadwick D. King*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was served on all counsel of record through the e-filing system this 12th day of April 2021.

Melissa Moore
MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063

melissa@mooreandassociates.net
*Attorneys for Plaintiff*

Holly Williams
WILLIAMS LAW FIRM, P.C.
1209 W. Texas Avenue
Midland, Texas 79701
holly@williamslawpc.com
*Attorneys for Defendant Adrian Perez*

                              */s/ Benjamin Petty*
                              BENJAMIN PETTY