| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION |
|---|---|

| | |
|---|---|
| MANUEL ORNELAS, § § *Plaintiff*, § § v. § § CD KING CONSTRUCTION, LLC; § CHADWICK D. KING and ADRIAN § S. PEREZ, § § *Defendant(s)*. § | No. 7:21-cv-00019-DC-RCG |

## PLAINTIFF MANUEL ORNELAS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendant CD King Construction, LLC (referred to as "CD King Construction") and Defendant Chadwick D. King (referred to as "King") have moved to dismiss Plaintiff Manuel Ornelas's (referred to as "Ornelas") Complaint (Doc. 1) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*See generally*, Defs.' Mot. Dismiss (Doc. 7).) For the reasons explained below, the Court should defer considering the motion until trial—or simply deny it. If, however, the motion is granted, in whole or in part, Ornelas requests leave to amend.

I. Background

Ornelas sued CD King Construction and King, claiming, among other things, that they are liable to him for violating the FLSA's prohibition against retaliation, 29 U.S.C. § 215(a)(3). (*See*, Pl.'s Compl. (Doc. 1) ¶¶ 57-65.) In response, CD King Construction and King claim that the allegations in Ornelas's Complaint (Doc. 1), even if true, do not entitle Ornelas to the relief he requests and has, therefore, moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See generally*, Defs.' Mot. Dismiss (Doc. 7).) Specifically, CD King Construction and King claim that the FLSA retaliation claim should be dismissed because Ornelas alleged "that [they] took adverse employment actions against [him] as a result of the lawsuit filed by [his] brother." (*See*, *id*. at p. 2, ¶ 7.) However, for the reasons explained below, the Court should defer considering the motion until trial—or simply deny it. If, however, the motion is granted, in whole or in part, Pl Last requests leave to amend.

II. Argument & Authorities

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011); *see also*, *Collins v. Morgan Stanley Dean Witter & Co.*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum*

*& Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The issue raised by a 12(b)(6) motion is not whether the plaintiff will ultimately prevail but whether the plaintiff can offer evidence to support his claims. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3rd Cir. 2000); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Stated differently, a motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts. Fed. R. Civ. P. 12(b)(6); *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). Accordingly, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Furthermore, in ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996); *see also*, Fed. R. Civ. P. 12(d).

"To withstand a Rule 12(b)(6) motion, a complaint must contain enough facts to state a claim to relief that is plausible on its face." *Hoffman v. Cemex*, No. 4:09-cv-03144, 2009 U.S. Dist. LEXIS 114130, at *3-*4 (S.D. Tex. 2009) (Rosenthal, J.) (internal citations and quotations omitted). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are

not entitled to the assumption of truth." *Id*. at *4-*5 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. But "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. Of course, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

B. **The Court Should Postpone Disposition of CD King Construction's and King's Motion to Dismiss (Doc. 7) Until Trial**

Under the rules, a court may defer ruling on a Rule 12(b)(6) motion "until trial[.]" Fed. R. Civ. P. 12(a)(4)(A); *see also*, *id*. ("[I]f the court denies the motion *or postpones its disposition until trial*, the responsive pleading must be served within 14 days after notice of the court's action[.]" (emphasis added)); *see also*, Fed. R. Civ. P. 12(i) (court must decide Rule 12(b)(6) before trial "unless the court orders deferral until trial[]"). In this case, that is precisely what the Court should do. After all, the parties have conducted no discovery and, even *if* the motion is granted, both CD King Construction and King will still be defending claims. Accordingly, the Court should defer resolution of the Motion to Dismiss (Doc. 7) under Rule 12(b)(6) until trial. *See*, Fed. R. Civ. P. 12(a)(4)(A).

## C. Third-Party Retaliation Claims Are Permissible Under the FLSA's Framework

The gist of CD King Construction's and King's Motion to Dismiss (Doc. 7) is that neither of them can be liable for retaliating against Ornelas because his brother—not him—engaged in protected activity. (*See*, Defs.' Mot. Dismiss (Doc. 7) pp. 1-3, ¶¶ 1-8.) In *Thompson v. N. Am. Stainless, L.P.*, 562 U.S. 170 (2011) (Scalia, J.), the Supreme Court held that, under Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-5(f)(1), a plaintiff may sue as long as he "falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint." *Thompson*, 562 U.S. at 870 (citations and quotations omitted). In *Thompson*, the plaintiff and his fiancé both worked for the same employer. The plaintiff's fiancé filed a complaint of discrimination, and the employer fired the plaintiff in retaliation for it. Reasoning that the purpose of Title VII's anti-retaliation provision was "to protect employees from their employers' unlawful actions[,]" the Supreme Court held that the plaintiff could make out a prima facie case of retaliation—and had standing sue—even though he did not himself engage in protected activity:

> [The plaintiff] is not an accidental victim of the retaliation—collateral damage, so to speak, of the employer's unlawful act. To the contrary, injuring him was the employer's intended means of harming [his fiancé]. Hurting him was the unlawful act by which the employer punished her. In those circumstances, we think Thompson well within the zone of interests sought to be protected by Title VII. He is a person aggrieved with standing to sue.

*Thompson*, 562 U.S. at 870.

Courts, of course, should interpret statutes governing the workplace, including the FLSA, so as to produce consistency and uniformity. *See*, *Darveau v. Detecon, Inc.*, 515 F.3d 334, 342-43 (4th Cir. 2008) (noting the general practice of federal courts in interpreting other statutes consistently with Title VII and observing that the purpose of the anti-retaliation provisions of that law and the FLSA's anti-retaliation provision "are one and the same"); *Phillips v. M.I. Quality Lawn Maint., Inc.*, No. 10-20698, 2010 WL 4237619, at *4 n.7 (S.D. Fla. Oct. 21, 2010) ("[C]ourts routinely examine FLSA retaliation claims under the same standards as Title VII retaliation claims."); *Duckworth v. Pratt & Whitney, Inc.*, 152 F.3d 1, 6 (1st Cir. 1998) (stating in the context of an FMLA retaliation case that "[w]e regard Title VII, ADEA, ERISA, and FLSA as standing *in pari passu* and endorse the practice of treating judicial precedents interpreting one such statute as instructive in decisions involving another"). Relying on that uncontroversial cannon of statutory construction, Courts have applied the zone-of-interest rule in *Thompson* to FLSA retaliation claims and to retaliation claims arising under the ADEA and the FMLA, both of which incorporate the FLSA's remedial scheme. *Maier v. Private Mini Storage Mgr., Inc.*, No. H-18-0991, 2019 WL 3753810, at *7 (S.D. Tex. Aug. 18, 2019) (FLSA); *O'Donnell v. Am. at Home Healthcare & Nursing Svcs., Ltd.*, No. 12-cv-6762, 2015 WL 684544, at *10-*12 (N.D. Ill. Feb. 17, 2015) (FLSA); *Kastor v. Cash*

*Express of Tenn., LLC*, 77 F. Supp. 3d 605, 608-12 (W.D. Ky. 2015) (FMLA); *Lopez v. Four Dee, Inc.*, No. 11-cv-1099, 2012 WL 2339289, at *2 (E.D.N.Y. Jun. 19, 2012) (FMLA); *Dembin v. LVI Servs., Inc.*, 822 F. Supp. 2d 436, 438 (S.D.N.Y. 2011). There is no reason—or no *good* reason—why this Court should do anything differently. Accordingly, Defendants' Motion to Dismiss (Doc. 7) should be denied.

        Respectfully Submitted,

        MOORE & ASSOCIATES
        Lyric Centre
        440 Louisiana Street, Suite 1110
        Houston, Texas 77002
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

By: */s/ Melissa Moore*
        Melissa Moore
        State Bar No. 24013189
        melissa@mooreandassociates.net
        Curt Hesse
        State Bar No. 24065414
        curt@mooreandassociates.net

        **ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) as follows:

> Benjamin Petty
> KELLY, MORGAN, DENNIS, CORZINE & HANSEN, P.C.
> P.O. Box 1311
> Odessa, Texas 79760
> *Attorney for Defendant CD King Construction, LLC and Chadwick D. King*
> - [ ] mail
> - [ ] personal delivery
> - [ ] leaving it at [ ] office [ ] dwelling
> - [ ] leaving it with court clerk
> - [ ] electronic means
> - [ ] other means
> - [x] CM/ECF system
>
> Holly Williams
> WILLIAMS LAW FIRM, P.C.
> 1209 W. Texas Avenue
> Midland, Texas 79701
> *Attorney for Defendant Adrian Perez*
> - [ ] mail
> - [ ] personal delivery
> - [ ] leaving it at [ ] office [ ] dwelling
> - [ ] leaving it with court clerk
> - [ ] electronic means
> - [ ] other means
> - [x] CM/ECF system

| April 26, 2021 | */s/ Melissa Moore* |
|---|---|
| Date | Melissa Moore |